1

**BORISON LAW**
Craig Borison, Esq. (SBN 248387)

2   468 North Camden Drive
Ste.200-90416

3   Beverly Hills, CA 90210
Telephone: (818) 256-5449

4   craig@borisonlaw.com

5   **THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*

6   100 S Commons, Ste 102
Pittsburgh PA 15212

7   Tel: (888) 412-5291
stkeeton@keetonfirm.com

8

9   **SHENAQ PC**
Amir Shenaq, Esq.*

10   3500 Lenox Rd. Ste 1500
Atlanta, GA 30326

11   Tel: (888) 909-9993
amir@shenaqpc.com

12

13   *Pro hac vice* forthcoming

14   *Counsel for Plaintiff and the Proposed Class*

15

16   UNITED STATES DISTRICT COURT

17   CENTRAL DISTRICT OF CALIFORNIA

18   WESTERN DIVISION

19

20   Ki Hyun Kim, individually, and on    CASE NO.
behalf of those similarly situated,

21                                        **CLASS ACTION COMPLAINT**
Plaintiff,

22                                        **Demand for Jury Trial**

23        v.

24   FCA US LLC, a Delaware limited

25   liability company,

26        Defendant.

27

28

Plaintiff Ki Hyun Kim, individually and on behalf of all others similarly situated, allege the following against Defendant FCA US LLC ("FCA"), based where applicable on personal knowledge, information and belief, and the investigation of counsel. This Court has jurisdiction over this action because the sale of the Plaintiff's Jeep vehicle (the "Vehicle") occurred in Los Angeles County in the State of California. All vehicles manufactured by Defendant, including but not limited to: all Jeep, Chrysler, Dodge, Alfa Romeo, Fiat, Ram, and Maserati vehicles, delivered into this state have been illegally distributed to California (the "Vehicles").

## INTRODUCTION

1.      Defendant FCA is a multinational corporation and the world's eighth largest auto maker. FCA has demonstrated a callous disregard for compliance with applicable state laws designed for the safety of the public and consumers. For years, FCA has engaged in a practice of distributing vehicles, including passenger cars, utility vehicles, mini-vans, trucks and vans into California in direct violation of the California Vehicle Code. This is done for one purpose - to sell vehicles to customers and earn extra profits from its refusal to comply with California law.

2.      In this action Plaintiff seeks to put an end to these unlawful practices and provide remedies for thousands of affected consumers. The unlawful practices engaged in by the Defendant for which Plaintiff seeks class-wide redress relate to their systematic violations of California's laws.

## NATURE OF THE ACTION

3.      This California class action concerns FCA's refusal to comport with California law. FCA has violated California Vehicle Code § 11713.17 ("VC § 11713.17"), the Unfair Competition Law ("UCL") (California Bus. & Prof. Code

§17200, et seq.), and the Song-Beverly Consumer Warranty Act (California Civil Code § 1790, et seq.). The Plaintiff seeks to have all sales contracts for the Vehicles to be declared void under California Civil Code § 1608 because the Vehicles were not legally distributed into California.

4.     Consequently, the Vehicles were not legally sold in California, and they are not legal to be driven on California's roadways.

5.     Simply, FCA has distributed hundreds of thousands of Vehicles that are not compliant with California law with the sole purpose of passing the buck to consumers by forcing them to pay install costs, to pay traffic tickets, and to present harm to public safety.

6.     California Vehicle Code § 11713.17 clearly requires FCA to equip or provide the Vehicles "with a bracket or other means of securing the license plates" to even distribute the Vehicles in this state. The Vehicles have no means to attach a front plate as required under California law. The same is true for all vehicles FCA illegally distributed into California. All contracts based on illegally distributed Vehicles are void under California Civil Code § 1608.

7.     The front bumper for the Vehicles does not have holes to attach a bracket. On information and belief, Chrysler's practice was to distribute vehicles under various brand names, including but not limited to, Jeep, Chrysler, Dodge, Alfa Romeo, Fiat, Ram, and Maserati to California without equipping or providing a bracket or other means of securing the license plates.

8.     Because of Defendant's actions, the Vehicle sold to Plaintiff and those Vehicles sold to the proposed Class are not street legal. This class action seeks to rescind and/or void the leases and purchases of illegally distributed vehicles that do

not comply with California law and subject consumers to costly tickets and create safety hazards to the millions of drivers on California roads each and every day.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Vehicles to many locations within this District and hundreds of retail locations throughout the State of California, where the Vehicles are purchased by hundreds of consumers every day. Jurisdiction is additionally proper because FCA US LLC's registered agent is located in Glendale, Los Angeles County, California.

10.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

11.     Venue is proper in this District under 28 U.S.C. § 1391. Substantial acts in furtherance of the alleged improper conduct occurred within this District and the Defendant conducts business in this District. Additionally, FCA US LLC's registered agent is located within this District.

## **PARTIES**

12.     Plaintiff Ki Hyun Kim is a resident and citizen of Los Angeles, Los Angeles County, California.

13.     Defendant FCA US LLC is a limited liability company doing business in California and is organized under the laws of Delaware, with its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan.

14.     Defendant produces, markets and distributes the Vehicles in retail stores across the United States including stores physically located in the State of California and this District.

15.     Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## **FACTS**

16.     Plaintiff leased a new 2018 Jeep Wrangler (the "Vehicle") on November 8, 2018 from AutoNation Chrysler Dodge Jeep RAM ("AutoNation"), as agent for FCA, located Valencia, CA.

17.     At no time did AutoNation inform him that the Vehicle did not have a front plate bracket nor that it was illegal to not have a front plate and California law required that plates must be attached on both the front and back of the vehicle and that he would be driving the Vehicle in violation of California law.

18.     A few months after leasing the Vehicle, Plaintiff discovered that the Vehicle was not equipped to accept a front license plate.

19.     California Vehicle Code § 5200(a) ("VC § 5200") requires vehicles in California to attach both a front and rear plate to vehicles for safety reasons. VC § 5200 states: "When two license plates are issued by the department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear."

20.     California enforces Code § 5200  through traffic fines. The rationale for requiring front and back plates on vehicles in California involves public safety.  There is a strong public interest for making sure cars can be easily identified from a distance. For example, license plates help police track down drivers who cause traffic accidents. Law enforcement also uses this information when filling out speeding tickets and other types of traffic citation. Having two plates makes it easier to locate stolen cars. This is especially true with police departments that use license plate reader systems. Furthermore, they help the public track down Amber Alerts (missing children) and Silver Alerts (missing elderly or developmentally disabled people). Finally, license plates are used to enforce tolls on paid roads.

21.     Plaintiff was unaware that the Vehicle was sold to him in violation of California law until he received his permanent plates and attempted to equip the Vehicle with the required front plate. He searched for a place to attach the front plate but found nothing.

22.     Defendant FCA has saved money and labor by ignoring California's legally binding requirements. They have put the onus on California consumers to remedy their violation of law thereby shifting the expense to the consumer or face receiving a ticket for the violation. It also forces consumers to determine if drilling

holes into the car to mount a bracket or plate would be classified as damage to the car upon its return under the terms of a lease.

23.     Defendant has failed to repair or compensate Plaintiff to rectify the defective Vehicle so that it complied with California requirements. Therefore, the Plaintiff and the Class have the right to rescind any Vehicle's lease or purchase with Defendant.

24.     Defendant's illegal actions have caused Class Members harm. FCA distributed and AutoNation sold the Vehicle that Plaintiff reasonably believed was street-legal but was not under California law as set forth more fully herein. Similarly, the Class Members also reasonably believed the Vehicles that FCA distributed and sold were street-legal but were not.

25.     For these reasons, as a result of Defendant's unfair, deceptive, and/or fraudulent business practices, and their failure to disclose that the Vehicles were provided in violation of California law, the owners and/or lessees of the illegal Vehicles have suffered losses in money and/or property. They received less than what the law requires and must expend money to correct Defendant's violations and did not receive the benefit of their bargain.

26.     Had Plaintiff and Class members known of the non-street legal status at the time they purchased or leased their Vehicles, they would have purchased from a law-abiding car company instead or would have demanded that they be made street legal or would have paid less for the Vehicles than they did.

27.     In sum, Defendant's deliberate strategy to value profit over the truth, adhering to the law and providing a street-legal vehicle, has caused harm to consumers.

28.     California law prohibits this "profits over people" scheme to be used by any company – especially when used by one of the largest companies in our country that is fully capable of complying with the law.

29.     The Vehicles all fail to be properly equipped:



a.



b.

1
2
3
4
5
6
7
8
9
10
11

c. 

12
13
14
15
16
17
18
19

d. 

20
21
22
23
24
25
26
27
28

e.

CLASS ACTION COMPLAINT



f.

30. On information and belief, all Vehicles distributed into California by FCA violated California law.

## CLASS DEFINITIONS AND ALLEGATIONS

31. Plaintiff, pursuant to Federal Rule of Civil Procedure 23, brings this action on behalf of the following class (the "Class"):

    a. All persons who, in the four years prior to the filing of this Complaint, (1) purchased and/or leased a vehicle, (2) that was distributed by FCA into California and (3) FCA did not equip or provide the motor vehicle with a bracket or other means of securing the license plates.

32. In this lawsuit, Plaintiff and the Class seek both equitable relief, including declaratory, injunctive, restitution, and other equitable monetary relief and economic and statutory damages as set forth more fully below, including, but not limited to, full restitution and/or rescission of any purchase or lease agreement entered into by any Class Member.

33. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, those who purchased the Vehicles for resale, all

persons who make a timely election to be excluded from the Classes, the judge to whom the case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

34.     The members of the Classes are so numerous that joinder of all Class Members is impracticable. Defendant has sold, at a minimum, tens of thousands of Vehicles to Class Members.

35.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class Members include, but are not limited to the following:

    a.  whether Defendant violated California's consumer protection statutes;

    b.  whether Defendant's practice of not providing or equipping front plate brackets violates the UCL;

    c.  whether Defendant's breached the implied warranties of California consumers;

    d.  whether Defendant's violation of VC § 11713.17 deems all sales and lease contract for the Vehicles void;

    e.  the amount of revenues and profits the Defendant received, and/or the amount of monies or other obligations imposed on, or lost by, Class Members as a result of such wrongdoing;

    f.  whether Class Members and the California consumers are threatened with irreparable harm and are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

    g.  whether Class Members are entitled to rescission, payment of actual,

incidental, consequential, exemplary, punitive, and/or statutory damages plus interest thereon, and, if so, what is the nature of such relief.

36.   Plaintiff's claims are typical of those of other Class Members.

   a.   Defendant engaged in the standard practice of failing to adhere to California with respect to front license plates brackets.

   b.   Plaintiff's and the Class all received vehicles that were distributed illegally into California.

   c.   Accordingly, Plaintiff and all members of the Class had their legal rights infringed upon, sustained injuries, losses, and damages as described herein, and/or are facing irreparable harm arising out of Defendant's common course of conduct. The right of Plaintiff and each member of the Class to payment of any actual, incidental, consequential, exemplary, and/or statutory damages or restitution resulting therefrom were proximately caused by Defendant's wrongful conduct, in violation of state law as alleged herein.

37.   Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

38.   A class action is superior to any other available means for the fair and efficient adjudication of this controversy.

   a.   To the extent it is an element for establishing class certification for certain causes of action, a class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy and, as applicable, possesses substantial benefits. Individual

joinder of all Class Members is impracticable, and no other group method of adjudication of all claims asserted herein is more efficient and manageable while at the same time provides all the remedies available to ensure the full purpose of this State's consumer protection laws are effectuated. Furthermore, as the damages suffered by each individual Class Member may be relatively small and the relief sought discrete, the expense and burden of individual Class Members to redress the wrongs done to them, and the cost to the court system of adjudicating such litigation on an individual basis, would be substantial. To counsel's knowledge there has not been any substantial litigation concerning this controversy commenced against the parties. It is not anticipated that there will be any difficulties in the management of this litigation due to the focus of the wrongdoing on Defendant's conduct and its knowledge of the true facts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expenses of all parties and the court system resulting from multiple trials asserting the same factual issues. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class Member as compared to other methods for the group-wide adjudication of this controversy. Thus, the Class and the court system achieve substantial benefits by the prosecution of this action on a class-wide basis by avoiding the burden of multiple litigation involving identical claims, as well as by aiding legitimate business

CLASS ACTION COMPLAINT

enterprises in curtailing illegitimate competition and ensuring a therapeutic effect on those companies such as Defendant that indulge in illegal practices.

b.  Notice of the pendency of any resolution of this action can be provided to the Class Members by publication and/or individual mailed notice, as appropriate under California law, and the costs of such notice are properly imposed on Defendant.

c.  This action should be certified to proceed on a class-wide basis because:

    i.  the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendant;

    ii.  due to the nature of the relief sought, the prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or could substantially impair or impede the ability of such Class Members to protect their interests; and

    iii.  Defendant has acted or refuse to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the Class Members as a whole in terms of the equitable relief sought.

39.     The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

40.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class Members are not parties to such actions.

**COUNT I**
**Violation of California's Unfair Competition Law ("UCL"),**
**CAL. BUS. & PROF. CODE §§ 1720, *et seq.***

41.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.     Plaintiff brings this Count individually and on behalf of the members of the Class.

43.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

44.     Defendant's acts, omissions, misrepresentations, practices, and/or non-disclosures constituted unlawful, unfair, and/or fraudulent business acts and practices and untrue and misleading advertising within the meaning of California Business & Professions Code §§17200, *et seq.*

45.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair competition, including, but not limited to, loss of value caused by Defendant's acts absent Defendant's illegal conduct and having to spend money for equipment to make the Vehicles street legal. Plaintiff and the Class did not receive the benefit of their bargains.

46.     Defendant engaged in "unlawful" business acts and/or practices by the following: (1) failing to disclose, as required by law, that a vehicle it is offering for sale was not street legal; (2) misrepresenting the value of the Vehicles; (3) misrepresenting the condition of the Vehicles; and (4) omitting material facts regarding the nature and/or lack of compliance of the Vehicles to Plaintiff and the Class. Plaintiff seeks an order enjoining Defendant from the acts, methods, and/or practices as set forth in the complaint and for payment of restitution. These business acts and/or practices violated provisions of state law including violating California Vehicle Code § 11713.17. Accordingly, Defendant violated Business & Professions Code Section 17200's proscription against engaging in an "unlawful" business act or practice. Plaintiff seeks an order enjoining Defendant from engaging in the acts, methods, and/or practices as set forth in this Complaint and for payment of restitution.

47.     Defendant also engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact described above have a tendency and likelihood to deceive purchasers of these vehicles.

48.     Defendant also engaged in an "unfair" business act or practice in that the justification for selling vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm,

particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers. It is also unfair to other vehicle manufacturers that abide by the law and suffer extra expense doing so.

49.     The above-described unlawful, fraudulent, or unfair business acts and practices conducted by Defendant continue to this day and present a threat to Plaintiff and the general public in that Defendant failed to publicly acknowledge the wrongfulness of its actions and provide full equitable injunctive and monetary relief as required by the statute.

50.     Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order of this Court requiring Defendant to immediately cease such acts of unfair competition and enjoining Defendant from continuing to conduct business via the unlawful, fraudulent, and/or unfair business acts and practices set forth in this Complaint and from failing to fully disclose the true nature of their misrepresentations, and ordering Defendant to engage in a corrective notice and advertising campaign. Plaintiff additionally requests an order from the Court requiring Defendant to provide complete equitable monetary relief so as to prevent Defendant from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of these vehicles, including requiring the payment of restitution of any monies as may be necessary to restore any money or property which may have been acquired by means of such acts of unfair competition.

**COUNT II**
**Violation of the Song-Beverly Consumer Warranty Act,**
**Civil Code §§ 1790, *et seq*.**

– 16 –

51.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     Plaintiff brings this Count individually and on behalf of the members of the Class.

53.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly Act") Civil Code Sections 1790 *et seq.*, the Vehicles constitute "consumer goods" purchased primarily for family or household purposes and Plaintiff has used the vehicle primarily for those purposes.

54.     Plaintiff is a "buyer" of consumer goods under the Song-Beverly Act.

55.     Defendant FCA is a "manufacturer," "seller," "retailer" and/or "distributor" under the Song-Beverly Act.

56.     Defendant impliedly warranted to the Plaintiff and the members of the Class that the Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792; however, the Vehicles do not have the quality that a buyer would reasonably expect.

57.     In order to meet the implied warranty of merchantability consumer goods must meet each of the following criteria: (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged and labeled; and (4) conform to the promises or affirmations of fact made on the container or label.

58.     The implied warranty of merchantability has been breached, in that, among other matters, the Vehicle and the Vehicles are not street legal.

59.     Defendant's express and implied warranties accompanied the sale of the Vehicle to Plaintiff. The sale of the Vehicle to Plaintiff was accompanied by

Defendant's implied warranty that the Vehicle was merchantable. The sale of the Vehicle to Plaintiff was also accompanied by an implied warranty of fitness. The same is true of the Class.

60.    The foregoing nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use and value of the Vehicle and the Vehicles.

61.    In order to meet the implied warranty of merchantability consumer goods must meet each of the following criteria: (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged and labeled; and (4) conform to the promises or affirmations of fact made on the container or label.

62.    The Vehicles would not pass without objection in the automotive trade because they do not pass California state law and regulations.

63.    The Vehicles are not adequately labeled because the labeling fails to disclose the lack of front plate bracket.

64.    Defendant breached the implied warranty of merchantability by distributing and selling Vehicles that do not comport with California law and has caused the members of the Class to not receive the benefit of their bargain and has caused the Vehicles to depreciate in value.

65.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, the California members of the Class received goods whose dysfunctional condition impairs their value to Plaintiff and the other Class members. Plaintiff and the members of the Class have been damaged as a result of the diminished value of Defendant's products and the nonuse of their Vehicles.

66.     Defendant has refused and/or failed to conform the Vehicles to, and/or honor, the applicable warranties.

67.     Plaintiff is entitled to justifiably revoke acceptance of the Vehicles under the Song-Beverly Act.

68.     The Class is also entitled to justifiably revoke acceptance of the Vehicles under the Song-Beverly Act.

69.     Notwithstanding Plaintiff's entitlement thereto, Defendant has refused Plaintiff's demands for a refund or replacement.

70.     Plaintiff and the Class are entitled to and seeks damages and other legal and equitable relief, including, but not limited to, all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

71.     Plaintiff and the Class are entitled under Cal. Civ. Code § 1794 of the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

72.     Plaintiff and the Class are entitled to, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that the Defendant have willfully failed to comply with their responsibilities under the Song-Beverly Act.

73.     Pursuant to Cal. Civ. Code §§ 1791.1(d) & 1794, Plaintiff and the members of the Class are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Vehicles, or the overpayment or diminution in value of their Vehicles.

## COUNT III
### Declaratory Relief

74.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the Nationwide Class against the Defendant.

76.     By violating California Vehicle Code § § 11713.17, Defendant illegally distributed vehicles in California. Any contracts made to buy or lease these illegally distributed Vehicles are void because they are unlawful contracts under California Civil Code § § 1608 and 1667 since the consideration is unlawful, here the Vehicles, were illegally distributed into the state. Unlawful is broadly defined by California Civil Code § 1667 as that which is contrary to an express provision of the law, here distributing vehicles without front license plate brackets, or contrary to the policy of the express law, here the policy is for all vehicles in California to have both front and rear plates to public safety.

77.     An actual controversy has arisen and now exists between Plaintiff and the Class on one hand, and Defendant on the other hand concerning their respective rights and duties in that Plaintiff and the Class contend the leases and purchase agreements are unlawful and therefore void, whereas defendant disputes these contentions and contends that they are not void.

78.     Plaintiff desires a judicial determination of the Plaintiff's and Defendant's rights and duties, and a declaration as to whether the contracts are void.

79.     A judicial declaration is necessary and appropriate at this time under

the circumstances in order that Plaintiff may ascertain its rights and duties. There is a financial burden now being suffered by unsettled state of affairs because either the Plaintiff and the Class are entitled to the status quo ante and rescission or they are required to continue to make payments.

80.     Plaintiff and the Class seek rescission.

81.     Plaintiff and the Class allege that there were no administrative remedies to exhaust.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the members of the Class;

b.   For the declaratory, equitable, and/or injunctive relief requested as permitted under the Unfair Competition Law ("UCL") (California Bus. & Prof. Code §17200, *et seq.*, including but not limited to, an order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

c.   For general, special, and actual damages according to proof at trial;

d.   For rescission and/or restitution of all monies required to be expended;

e.   For incidental and consequential damages according to proof at trial;

CLASS ACTION COMPLAINT

f.  For a declaratory relief that all Vehicles' sales and lease contracts are void as unlawful and the Plaintiff and the Class are entitled to rescission if they choose;

g.  For punitive and/or statutory damages as permitted by applicable laws;

h.  For pre-judgment and post-judgment interest;

i.  For reasonable attorneys' fees and costs of suit; and

j.  For such other and further relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: January 23, 2023

BORISON LAW

/s/   CRAIG BORISON
Craig Borison, Esq. (SBN 248387)
468 North Camden Drive
Ste.200-90416
Beverly Hills, CA 90210
Telephone: (818) 256-5449
craig@borisonlaw.com

THE KEETON FIRM LLC
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

SHENAQ PC
Amir Shenaq, Esq.*
3500 Lenox Rd. Ste 1500
Atlanta, GA 30326
Tel: (888) 909-9993
amir@shenaqpc.com

*Pro hac vice forthcoming

*Counsel for Plaintiff and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28