CLARK HILL LLP
BRADFORD G. HUGHES (SBN 247141)
TIFFANY B. HUNTER (SBN 306382)
bhughes@ClarkHill.com
thunter@clarkhill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant FCA US LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ki Hyun Kim, individually, and on behalf of those similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:23-cv-00581-DSF-MAA<br><br>**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Class Action]<br><br>Hearing Date: July 3, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Dale S. Fischer<br>Courtroom: 7D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 3, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 7D of the above-captioned court, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant FCA US LLC ("FCA") will and hereby does move this Court for an order pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f) dismissing the Class Action Complaint (ECF #1) filed by Plaintiff Ki Hyun Kim.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff lacks standing and has failed to plead facts supporting any injury-in-fact that is fairly traceable to FCA's alleged conduct; pursuant to Rule 12(b)(6) on the grounds that Plaintiff has failed to state any legally cognizable claim; and Rule 12(f) based on the individualized fact issues which will predominate over any common questions of fact or law for each putative class member under Rule 23.

This Motion follows this Notice of Motion and is based on FCA's Memorandum of Points and Authorities and on such other and further matters as may be presented to the Court at or prior to the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 24, 2023.

Dated:  May 30, 2023              CLARK HILL LLP


                                  By:  _____
                                       Bradford G. Hughes
                                       Tiffany B. Hunter

                                  Attorneys for Defendant FCA US LLC

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................... 1

II.    RELEVANT FACTS .......................................................................... 4

III.   SUBJECT MATTER JURISDICTION MUST EXIST ................................. 5

IV.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF
       SUBJECT MATTER JURISDICTION ............................................ 5

       A.    Plaintiff Lacks Standing to Represent the Putative Class .................. 5

       B.    Plaintiff Fails to Allege Facts Showing Any Injury-In-Fact ............... 6

V.     A COMPLAINT MUST STATE A PLAUSIBLE CLAIM FOR
       RELIEF ............................................................................................ 7

VI.    PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH
       RELIEF CAN BE GRANTED ............................................................ 8

       A.    Plaintiff's UCL Claim is Barred by the Statute of Limitations ........... 8

       B.    Plaintiff Cannot State a Plausible Claim for Violation of UCL .......... 9

             1.    Plaintiff cannot use California Vehicle Code section
                   11713.17 as a basis for a claim under the UCL ...................... 10

             2.    Plaintiff cannot allege any facts establishing that FCA
                   made misrepresentations to Plaintiff ....................................... 13

             3.    Plaintiff also fails to satisfy the heightened pleading
                   standard for fraud under Rule 9(b) .......................................... 14

       C.    Plaintiff Cannot State a Plausible Song-Beverly Claim .................... 14

             D.    Plaintiff's Song-Beverly Claim is Barred by the Statute
                   of Limitations ............................................................................ 16

       E.    Plaintiff Cannot State a Plausible Claim for Declaratory Relief ........ 17

VII.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN
       PURSUANT TO RULE 12(f). ............................................................ 18

VIII.  CONCLUSION ................................................................................. 19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Suzuki Motor Corp. v. Superior Court*,
   37 Cal.App.4th 1291, 44 Cal.Rptr.2d 526 (Cal. Ct. App. 1995)........................ 15

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................................................ 5

*Arteaga v. Carmax Auto Superstores W. Coast, Inc.*,
   2014 WL 3505527 (C.D. Cal. 2014) ................................................................ 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 7, 8

*Azoulai v. BMW of N.Am.*,
   2017 WL 1354781 (N.D. Cal. 2017)................................................................ 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................. 7, 13

*Brazil v. Dell, Inc.*,
   585 F. Supp. 2d 1158 (N.D. Cal. July 7, 2008)................................................ 18

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)........................................................................ 14

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999).................................................................................... 12

*Clapper v. Amnesty Int'l USA*,
   133 S. Ct. 1138, 1147 & n.5 (2013)), *affirmed*, 2022 WL 2751660 (2022) ........ 7

*Cortez v. Purolator Air Filtration Products Co.*,
   23 Cal. 4th 163 (2000)..................................................................................... 8

*Flynn v. FCA US LLC*,
   2016 WL 5341749 (N.D. IL, Sept. 23, 2016) ..................................................... 7

ii

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975)...................................................................18

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)................................................................14

*Keegan v. Am. Honda Motor Co.*,
  838 F.Supp.2d 929 (C.D. Cal. 2012)......................................................15

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003)..................................................................6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..................................................................................6

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008)..................................................................7

*Mexia v. Rinker Boat Co.,Inc.*,
  174 Cal.App.4th 1297 (2009)..................................................................16

*Meyer v. Sprint Spectrum L.P.*,
  45 Cal.4th 634 (2009).............................................................................17

*Neal v. NaturalCare, Inc.*,
  2014 WL 346639 (C.D. Cal. Jan. 30, 2014)............................................6

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ..................................................................................6

*Pablo v. ServiceMaster Global Holdings, Inc.*,
  2009 WL 2524478 (N.D. Cal. Aug. 17, 2009).......................................19

*People v. Snyder*,
  32 Cal. 3d 590 (1982).......................................................................9, 17

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. 2017).......................................................16

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................18, 19

iii

*Simgel Co. v. Jaguar Land Rover N. Am., LLC*,

    55 Cal. App. 5th 305 (2020) ........................................................ 16

*Spokeo, Inc. v. Robins*,

    136 S.Ct. 1540 (2016) ................................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Garamendi*,

    32 Cal. 4th 1029 (June 9, 2004) ................................................. 10

*Thom v. Jefferson-Pilot Life Ins. Co.*,

    445 F.3d 311 (4th Cir. 2006) ...................................................... 18

*TransUnion, LLC v. Ramirez*,

    141 S. Ct. 2190 (2022) .................................................................. 7

*Troup v. Toyota Motor Corp.*,

    545 F. App'x 668 (9th Cir. 2013) ............................................... 15

*Troup v. Toyota Motor Corp.*,

    545 Fed. Appx. 668 (9th Cir. 2013) ........................................... 15

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) .................................................... 14

*Von Saher v. Norton Simon Museum of Art at Pasadena*,

    592 F3d 954 (9th Cir. 2010) ................................................... 8, 16

*Wilson v. Hewlett Packard Co.*,

    668 F.3d 1136 (2012) .................................................................. 13

**Statutes**

Cal. Unif. Comm. Code, § 2725 ....................................................... 16

California Business and Professions Code § 17208 ........................... 8, 9

California Civil Code § 1608 ....................................................... 17, 18

California Civil Code § 1667 ....................................................... 17, 18

California Civil Code § 1791.1(a) ...................................................... 15

California Code of Civil Procedure § 1060 ........................................ 17

California Code of Civil Procedure § 1061 ........................................ 17

California Code of Civil Procedure § 1859 ................................................ 10

California Vehicle Code § 285 ................................................................... 10

California Vehicle Code § 286 ................................................................... 11

California Vehicle Code § 520 ................................................................... 11

California Vehicle Code § 5200 .......................................................... *passim*

California Vehicle Code § 5200(a) .............................................................. 9

California Vehicle Code § 11700 .............................................................. 12

California Vehicle Code § 11713.17 ................................................... *passim*

California Vehicle Code § 11713.17(a) ................................................. 10, 11

California Vehicle Code § 11713.17(b) ................................................. 11, 12

California Vehicle Code § 11726 .............................................................. 12

**Rules**

Federal Rule Civil of Procedure 9(b) ..................................................... 9, 14

Federal Rule of Civil Procedure 12(b)(1) ................................................ 1, 5

Federal Rule of Civil Procedure 12(b)(6) ................................................ 1, 7

Federal Rule of Civil Procedure 12(f) ................................................ 1, 4, 18

Federal Rule of Civil Procedure 23 ........................................................ 6, 19

Federal Rule of Civil Procedure 23(a) ........................................................ 5

Federal Rule of Civil Procedure 23(b)(3) ................................................... 18

Federal Rule of Civil Procedure 23(c) ....................................................... 18

**Other Authorities**

2 Newberg on Class Actions § 7.26 (4th ed. 2005) .................................... 19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves an attempt by plaintiff Ki Hyun Kim ("Plaintiff") to assert claims for violation of California's Unfair Competition Law ("UCL") and Song-Beverly Consumer Warranty Act ("Song-Beverly") through proposed class action claims that Plaintiff expressly pled himself out of, as well as his own individual claims that are statutorily time barred and fail to state a plausible claim for relief. Plaintiff claims that although he has a legal obligation under California law[1] to ensure that his vehicle has a front license plate, defendant FCA, who manufactured his vehicle, should be held liable for Plaintiff's failure to address with the dealer from whom Plaintiff leased the subject vehicle, that Plaintiff's vehicle had a front license plate affixed pursuant to California Vehicle Code Section 11713.17. FCA moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff lacks standing to pursue both the class action and his individual claims and pursuant to Rule 12(b)(6) on the grounds that Plaintiff's claims are barred by the statute of limitations and fail to state any legally cognizable claim. FCA also moves to dismiss pursuant to Rule 12(f) because the class allegations would require individualized proof that would predominate over any common questions of fact or law.

Plaintiff attempts to bring a claim against FCA for his knowing violation of a California Vehicle Code section 5200 that requires him to have a license plate fastened to the front bumper of his vehicle. Plaintiff asserts that he drove his vehicle off a dealer's lot without interacting with the dealer in compliance with California Vehicle Code section 11713.17 and thus, FCA, as the manufacturer, should bear responsibility for a purported "defect" with his vehicle. This is implausible. Section 11713.17 mandates that a dealer ***must*** provide a front license plate bracket or other

---

[1] California Vehicle Code section 5200 requires drivers to ensure that their respective vehicles are properly equipped with a front license plate.

1

means of securing the plate, *or* obtain a "signed written acknowledgment **from the person taking delivery of the vehicle acknowledging** *both* of the following: (A) **The person expressly refused installation of a bracket or other means of securing the front license plate**. (B) **The person understands that California law requires a license plate** to be displayed from and securely fastened to the front of the motor vehicle **and that the hardware necessary to securely fasten the front plate is available from the dealer**." (Emphasis added).

In an effort to avoid addressing his interactions with the dealer, which under Section 11713.17 would have necessitated a written acknowledgement concerning the front license plate, Plaintiff baldly alleges that FCA did not provide a "means" of affixing a front license plate to his vehicle. This allegation fails to state any plausible claim for relief against FCA given that Section 11713.17 places the responsibility on the dealer for ensuring a front license plate is affixed to the vehicle or obtaining authorization from the purchaser/lessee to refrain from doing so. This is further true given that Section 5200 places the responsibility *on drivers*, not manufacturers, to ensure a front license plate is affixed to their vehicles. Although Plaintiff alleges that "a few months after leasing" his vehicle, he "discovered that the vehicle" did not have a front license plate [Comp. ¶ 18], these claims are implausible on their face and insufficient as a matter of law given the requirements imposed upon dealers and those taking delivery of the vehicle under Section 11713.17.

For the reasons more fully set forth below, each of Plaintiff's claims should be dismissed. Plaintiff's class claim should be dismissed for lack of subject matter jurisdiction because Plaintiff cannot represent the putative class. The Complaint defines the putative class as all persons who purchased certain vehicles from January 25, 2019 to January 25, 2023 that were not equipped with a front license plate. [Comp. ¶ 31.] Plaintiff, however, leased his vehicle on November 8, 2018 [Comp. ¶ 16], which falls outside the temporal limitations of the class, and therefore,

2

excludes/prohibits Plaintiff from representing the proposed putative class.  Because he cannot represent a class of which he is not a member, Plaintiff can only litigate this case on his own behalf.  Plaintiff's individual claims for relief, however, also fail because they are barred by the statute of limitations and further, fail to state to any plausible claim for which relief can be granted.

Plaintiff's claims for violation of the UCL, violation of the Song-Beverly Act, and declaratory relief should be dismissed because they are barred by the statute of limitations.  As to Plaintiff's claim for violation of the UCL, it should be dismissed without leave to amend because it is barred by the statute of limitations of four years.  Even if Plaintiff could assert a timely claim, he would be unable to do so because he has not asserted a legislation under which he can assert a private cause of action for purposes of the UCL.  The legislative intent, which is controlling, establishes that California Vehicle Code section 11713.17 is intended to hold dealers—not manufacturers—responsible for compliance with any requirement for a front license plate.  This is further true given that Section 5200 places the responsibility *on drivers* to ensure a front license plate is affixed to their vehicles.  Plaintiff cannot identify any other private right of action that would or could serve as a basis for violation of UCL.

As to Plaintiff's claim for violation of Song-Beverly, it should likewise be dismissed because it is barred by the statute of limitations.  The state of limitations applicable to claims brought under Song-Beverly is also four years.  Plaintiff filed his Complaint over four years after his cause of action would have accrued.  Because Plaintiff failed to timely bring a claim for violation of Song-Beverly, it must be dismissed for failure to state a plausible claim for relief as barred by the statute of limitations.  Even if Plaintiff brought a timely claim, it would be dismissed because Plaintiff has not (and cannot) alleged that the purported failure to attach a front license plate renders the car unfit for its intended purpose.

///

Finally, because the class allegations clearly require review of individual fact inquiries necessary to determine how each lessee or purchaser of a FCA vehicle interacted with an FCA-authorized dealer under Vehicle Code § 11713.17, they are subject to dismissal under Rule 12(f).

Because Plaintiff cannot assert any viable claim to establish his proposed class action, or individual claims for UCL, Song-Beverly Act, and declaratory relief, FCA's Motion to Dismiss should be granted without leave to amend.

## II.   **RELEVANT FACTS**

On November 8, 2018—more than four years before Plaintiff filed his Complaint—Plaintiff leased a 2018 Jeep Wrangler from AutoNation Chrysler Dodge located in Los Angeles County.  [Comp. ¶ 16.]  FCA manufactured the vehicle.  [*Id.*]  As pled, California law requires a driver of a vehicle to ensure that his or her respective vehicle is equipped with a front license plate.  [Comp. ¶ 19.] Plaintiff alleges that a "few months" after leasing his 2018 Jeep, he noticed it did not have a front license plate [Comp. ¶ 18] and he could not find "a place to attach the front plate" when he received his "permanent plates". [Comp. ¶ 21.]  Plaintiff does not allege that he was cited under Vehicle Code § 5200 for his failure to have a front plate on his vehicle but fears he could be subject to costly tickets. [Comp. ¶ 8] Plaintiff makes no allegations regarding his interactions with AutoNation other than it was the dealer he leased his vehicle from. [Comp. ¶ 16.]

Plaintiff purports to bring his claim on behalf of a class defined as "[a]ll persons who in the four years prior to the filing of this Complaint, (1) purchased and/or leased a vehicle, (2) that was distributed by FCA into California, and (3) FCA did not equip or provide the motor vehicle with a bracket or other means of securing the license plates."  [Comp. ¶ 31.]  The proposed class is temporally limited to vehicles leased or purchased from January 25, 2019 to January 25, 2023.

///

///

III.   **SUBJECT MATTER JURISDICTION MUST EXIST**

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "clearly allege facts demonstrating each element" required to establish he has standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citation omitted).  This requires a factual showing that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id*.

IV.   **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

The Complaint lacks subject matter jurisdiction because Plaintiff lacks standing to represent the putative class, and because he fails to allege facts sufficient to show an injury-in-fact that is fairly traceable to any of FCA's alleged conduct.

A.   **Plaintiff Lacks Standing to Represent the Putative Class**

There is a lack of subject matter jurisdiction because Plaintiff cannot represent the putative class for which he seeks to bring this proposed class action.  Rule 23(a) of the Federal Rules of Civil Procedure requires that the claims of the class representative be typical of the claims of the class.  The class representative must be part of the proposed class and possess the same interest as the proposed class members.  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

Plaintiff lacks standing to represent the proposed class because he does not fall within his own proposed class definition in the Complaint.  Plaintiff purports to bring his claim on behalf of a class defined as "[a]ll persons who **in the four years prior to the filing of this Complaint**, (1) purchased and/or leased a vehicle, (2) that was distributed by FCA into California, and (3) FCA did not equip or provide the motor vehicle with a bracket or other means of securing the license plates." [Comp. ¶ 31 (emphasis added).]  The Complaint was filed on January 25, 2023.  [ECF 1.] The proposed class is therefore limited temporally to the period between January 25, 2019 to January 25, 2023.  Plaintiff, however, alleges that he leased his 2018 Jeep

5

on November 8, 2018—a date that falls outside the class period.  [Comp. ¶ 16.] Because Plaintiff cannot represent a class of which he is not a member, he cannot satisfy the requirements of Rule 23 with respect to the proposed class action and thus, lacks standing to bring this class action.

In *Lierboe v. State Farm*, the Ninth Circuit explained "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). The court further held that "where the sole named plaintiff 'never had standing' to challenge a township's poor-relief eligibility guidelines, and where 'she never was a member of the class she was named to represent,'" the claim must be dismissed. *Id.* at 1023; *see also Neal v. NaturalCare, Inc*., 2014 WL 346639, at *5 (C.D. Cal. Jan. 30, 2014) (reading *Lierboe* "to stand for the following proposition: if a sole putative class representative lacks constitutional standing prior to class certification, then the class should not have been certified and the action must be dismissed"). Because Plaintiff has plead his way out of his own class, his Complaint must be dismissed for lack of standing.

## B.     Plaintiff Fails to Allege Facts Showing Any Injury-In-Fact

Subject matter jurisdiction is further lacking because Plaintiff fails to allege facts sufficient to establish any injury-in-fact that is fairly traceable to FCA's conduct.  Injury-in-fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Applying this well-recognized definition to the Complaint, it is clear that Plaintiff fails to allege any facts sufficient to show an injury-in-fact.  Plaintiff claims that he could not find a place to attach a front plate.  [Comp. ¶ 21.]  He, however, does not allege that he was unable to ever affix a front license plate, let alone that he was

ticketed during such time that he failed to affix the same.  Moreover, given that a front license plate does not affect a vehicles operability, it follows that failing to affix one did not injure Plaintiff, notwithstanding a purported increased risk of being cited for violating California Vehicle Code 5200.  Such a risk would be speculative and insufficient to establish an injury-in-fact. See *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2198-2199 (2022) (increased risk of identity theft did not meet the requirement for imminent injury-in-fact to confer standing under Article III); *see Flynn v. FCA US LLC*, 2016 WL 5341749, *2 (N.D. IL, Sept. 23, 2016) (the risk of future injury and the fear of that plaintiff's infotainment system may be hacked does not create standing absent a substantial risk that the feared injury will come to bear (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 & n.5 (2013)), *affirmed*, 2022 WL 2751660 (2022). Because Plaintiff has not alleged an injury-in-fact, the Complaint should be dismissed for lack of subject matter jurisdiction.

## V.    A COMPLAINT MUST STATE A PLAUSIBLE CLAIM FOR RELIEF

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim.  Such a motion may be granted when the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It also requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To determine whether a pleading states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.  This involves a two-step process.  First, the court must identify

which statements are factual allegations and which statements are legal conclusions. *Id.*, at 681. Courts are not bound to accept legal conclusions as true, even if they appear in the form of factual allegations. Second, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a **plausible** claim. *Id.*, at 679.

## VI.   <u>PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

The Complaint fails to state any claim upon which relief can be granted because Plaintiff's UCL claim is barred by the statute of limitations and fails to state a plausible claim for relief, and his Song-Beverly claim is barred by the statute of limitations and fails to state plausible claim of unmerchantability. Finally, Plaintiff cannot state a plausible claim for declaratory relief based upon illegality of any sales or lease contract.

### A.   **Plaintiff's UCL Claim is Barred by the Statute of Limitations**

Plaintiff's UCL claim should be dismissed because it is barred by the statute of limitations. Where the facts and dates alleged in a complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F3d 954, 969 (9th Cir. 2010). Pursuant to California Business and Professions Code section 17208, any claim brought under California Unfair Competition Law "shall be commenced within four years after the cause of action accrued." According to the California Supreme Court, "the language of section 17208 admits of no exceptions. *Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section." *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 179 (2000) (original italics).

The Complaint fails to state a claim for violation of California's UCL because Plaintiff's claim is time-barred. Plaintiff filed his Complaint on January 25, 2023.

8

[ECF 1.]  The alleged conduct that serves as the basis for his UCL claim is at the time of Plaintiff's lease of the 2018 Jeep, which was on November 8, 2018.  [Comp. ¶ 16.]  Thus, under California Business and Professions Code section 17208, the statute of limitations for Plaintiff's UCL claim *expired* on November 8, 2022.  Further, there is no delay in accrual of the statute of limitations because Plaintiff knew or should have known on November 8, 2018, when he leased the vehicle from AutoNation that he had not asked the dealer to install a front license plate bracket, presumably because he was waiting for his "permanent plates".  [Comp. ¶ 21] Section 5200(a) requires drivers to install front license plates or face a traffic infraction and a monetary penalty, a law that Plaintiff knew or is legally presumed to have known on November 8, 2018. *See People v. Snyder*, 32 Cal. 3d 590, 592-593 (1982) (ignorance of this law would be no excuse or defense).

### B.    Plaintiff Cannot State a Plausible Claim for Violation of UCL

Plaintiff's claim for violation of the UCL should be dismissed without leave to amend because Plaintiff cannot state a plausible claim for relief.  The claim for violation of the UCL is based upon Plaintiff's allegation that FCA's alleged conduct in failing to provide a bracket or other means of securing a front license plate constituted unlawful, fraudulent, or unfair business practices.  [Comp. ¶¶ 46-48.] These allegations fail to state a plausible claim upon which relief can be granted because based upon legislative intent, California Vehicle Code section 11713.17 does not provide a private right of action to support a claim under the UCL.  The allegations further fail to state a plausible claim for relief because the Complaint fails to allege that FCA made *any* "misrepresentations" regarding a front license plate as would be necessary to support a claim for "unlawful business practices" [Compl. ¶ 46].  Plaintiff's claim for violation of the UCL also fails because, inasmuch as it is based upon allegations of fraud, Plaintiff fails to satisfy the heightened pleading standard applicable to fraud claims under Rule 9(b).

///

**1.      Plaintiff cannot use California Vehicle Code section 11713.17 as a basis for a claim under the UCL**

Plaintiff cannot use Section 11713.17 as a basis to state a plausible claim for relief under the UCL because the Legislature did not create a private right of action for consumers against manufacturers.  When construing a statute, the legislative intent behind a statute must control.  Cal. Code Civ. Proc. § 1859; *State Farm Mut. Auto. Ins. Co. v. Garamendi*, 32 Cal. 4th 1029, 1043 (June 9, 2004). In enacting Section 11713.17, the Legislature unambiguously intended to impose upon dealers the ultimate responsibility to equip vehicles with a means to affix a front license plate.  Subsection (a) of Section 11713.17 states that a dealer "may not deliver the motor vehicle to a consumer unless either of the following occurs": (1) "the motor vehicle is equipped with a bracket or other means of securing a front license plate" or, (2) "the dealer obtains a **signed written acknowledgement** from the person taking delivery of the motor vehicle acknowledging both of the following:

> (A)    **The person expressly refused installation of a bracket or other means of securing the front license plate**.
>
> (B)     **The person understands that California law requires a license plate to be displayed from and securely fastened to the front of the motor vehicle and that <u>the hardware necessary to securely fasten the front plate is available from the dealer</u>**.
>
> (Emphasis added).

It is clear from the plain language of Section 11713.17, subsection (a), that the Legislature intended to place responsibility upon the dealer to ensure compliance with California's laws to mount a front license plate or provide other means to affix the plate[2], and upon the lessee or purchaser should she acknowledge a refusal to

_____

[2] The term "dealer" is defined under California Vehicle Code section 285 "is a

allow the dealer to affix the front plate. Because the ultimate responsibility for placing a front license plate on a vehicle is vested to the dealer or the person taking delivery of a vehicle, it is evident that the Legislature did not intend to provide a private right of action against a manufacturer for a purported violation of Section 11713.17, especially as a manufacturer has no ability to control the actions or omissions of a dealer or a purchaser/lessee in relation to Section 11713.17(a) in any retail sale or lease.  Cal. Veh. Code § 520 (defining retail sale).

Although Section 11713.17(b) states a manufacturer may not distribute a vehicle to a dealer "unless that motor vehicle is equipped or provided with a bracket or other means of securing the license plates," the legislative intent was to place responsibility for installation of a front license plate on the dealer and purchaser/lessee, not the manufacturer.  This is particularly true because a *vehicle owner* is required under California law to ensure that the owner's vehicle has a front license plate or risk a citation and a fine.  *See* Cal. Veh. Code §5200.

Section 11713.17's legislative history further supports this conclusion. *See* California Bill Analysis, A.B. 1272 Sen., 4/01/2004 (adding subsection (b) to provide dealers with equipment to assist in complying with dealer's responsibility of affixing a front license plate bracket). Indeed, in discussing the basis for Section 11713.17(b), the Legislature noted that while it has been custom and practice for manufacturers to provide front license plate brackets with each vehicle distributed in California, "vehicle consumers specifically request[ed] that the front license bracket not be installed" and dealers expressed concern about not having the necessary equipment to install the same.  *Id.*  In an effort to combat the failure by consumers to have a front license plate installed and to provide dealers with assistance, which was requested by dealers, the Legislature passed Section 11713.17 with the subsection (b) applicable to manufacturers.  *Id.*; *see also* California Bill

---

person not otherwise expressly excluded by Section 286 who" is engaged in the business of selling vehicles.   Under California Vehicle Code section 286, a manufacturer is *excluded* from the definition of a "dealer."

Analysis, A.B. 1272 Assem., 6/22/2004.  Subsection (b) was only intended by the Legislature to lessen the burden on dealers' complying with the law, by having a manufacturer provide "necessary brackets or equipment to allow the dealers to fulfill that responsibility."  *Id.*  This subsection was never intended by the Legislature, however, to eliminate or shift the dealer's ultimate responsibility of ensuring all motor vehicles it leases or sells have a front license plate, or the means to affix one; or to, in the alternative, obtain written acknowledgment of refusal from the consumer.  *Id.*

The Legislature's intent to place the ultimate responsibility upon the dealer is evident from the fact that the Legislature provided dealers—not consumers such as Plaintiff—with the right to recover damages against a manufacturer for violation of the law.  *See* Cal. Veh. Code §§ 11726, 11700.  Pursuant to Section 11726, a *dealer* may pursue recovery of damages and injunctive relief against a manufacturer for a manufacturer's willful failure to comply with Section 11713.17. *Id.*  The fact that the legislature provided a *dealer* with a private right of action against a manufacturer for failure to comply with Section 11713.17(b) highlights the extent to which this statute is intended to impose compliance responsibility upon the dealer and demonstrates that the statute does not afford consumers a private right of action against a manufacturer for any purported violations.  *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 183 (1999) ("If ... the Legislature considered certain activity in certain circumstances and determined it to be lawful, courts may not override that determination under the guise of the unfair competition law.").

Because Section 11713.17 does not provide lessees or purchasers of new vehicles with a private right of action against a manufacturer, and instead, imposes upon dealers the obligation to comply with the Code's front license plate requirements, Plaintiff cannot state a plausible claim for relief against FCA under the UCL based upon an alleged violation of Section 11713.17.

## 2. Plaintiff cannot allege any facts establishing that FCA made misrepresentations to Plaintiff

Plaintiff cannot state a plausible claim for relief because he cannot allege any facts establishing that FCA made any misrepresentations to him regarding a front license plate. The Complaint alleges that FCA:

> (1) fail[ed] to disclose as required by a law that a vehicle it is offering for sale was not street legal;
>
> (2) misrepresent[ed] the value of the Vehicles;
>
> (3) misrepresented the condition of the Vehicles; and
>
> (4) omit[ed] material facts regarding the nature and/or lack of compliance of the Vehicles…." [Comp. ¶ 47.]

Other than these rote conclusions of law, there are no factual allegations to support a claim that FCA made *any* misrepresentations to Plaintiff, much less violated the UCL. Plaintiff has not alleged any law requires FCA to disclose that a vehicle it is offering for sale was not "street legal[3]". [Compl. ¶ 46.]

The Complaint is devoid of any specific facts to support the claim that FCA "misrepresent[ed] the value of the Vehicles [or] misrepresented the condition of the Vehicles". A formulaic recitation of the elements of a cause of action for violation of the UCL is insufficient to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555. Plaintiff's conclusory allegation that his UCL claims are based on "unlawful, unfair, [and] fraudulent" business practices is legally inadequate. *See* Comp., ¶¶ 46-48. Plaintiff has not plead a viable violation of the "fraudulent" prong of the UCL, and thus his claim under the UCL "unfair" and "unlawful" prongs likewise must be dismissed because "the failure to disclose a fact that a manufacturer does not have a duty to disclose … does not constitute an unfair or unlawful practice." *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1145 (2012), fn.5; *see*

---

[3] Plaintiff does not define the term "street legal" and does not provide any legal basis to define such a term.

13

*also* Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009); *Azoulai v. BMW of N.Am.*, 2017 WL 1354781, *7 (N.D. Cal. 2017).

### 3. Plaintiff also fails to satisfy the heightened pleading standard for fraud under Rule 9(b)

The UCL claim should be dismissed because Plaintiff has not satisfied the heightened pleading standard that is applicable to claims based in fraud under Rule 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  To meet the particularity requirements under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b). This means the complaint must identify the "who, what, when, where, and how" of the fraudulent misconduct, "as well as what is false or misleading about" it, and "why it is false."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Because the Complaint is devoid of any factual allegations establishing the "who, what, when, where, and how" of the fraudulent conduct alleged by Plaintiff, the claim for violation of the UCL must be dismissed.  Other than conclusions of law that FCA allegedly "engaged in a 'fraudulent' business act or practice" [Comp. ¶ 47] and "engaged in an 'unfair' business act … based on the misrepresentations of material fact" [Comp. ¶ 48], Plaintiff fails to provide any factual support to plausibly establish a claim for violation of the UCL, much less to satisfy the heightened pleading standard that is required for fraud claims.

### C. Plaintiff Cannot State a Plausible Song-Beverly Claim

Song-Beverly provides that every retail sale of consumer goods is accompanied by certain implied warranties, including the implied warranty of merchantability.  An implied warranty of merchantability guarantees that "consumer goods[:]" (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmations

14

of fact made on the container or label.  Cal. Civ. Code § 1791.1(a).   Under the Act, the implied warranty of merchantability requires only that a vehicle be reasonably suited for ordinary use; it need not be perfect in every detail so long as it provides for a minimum level of quality.  *Keegan v. Am. Honda Motor Co.*, 838 F.Supp.2d 929, 945 (C.D. Cal. 2012); *see also Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291, 1296, 44 Cal.Rptr.2d 526 (Cal. Ct. App. 1995) ("Courts in other jurisdictions have held that in the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation.").  In the case of vehicles, a claim for breach of implied warranty is only actionable if the alleged defect "drastically undermines the ordinary operation of the vehicle." *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) (affirming dismissal where claimed defect did not "drastically undermine the ordinary operation of the vehicle" or "implicate the [vehicle's] operability").

Plaintiff cannot state a plausible claim for relief under Song-Beverly because he has not alleged that the lack of a front license plate renders the car unfit for its intended purpose, or has he alleged the lack of a front plate would prevent or impact its safe operability.  Indeed, Plaintiff cannot plead facts sufficient to state a plausible claim for relief because his vehicle (and those of proposed class) cannot be categorized as being "unmerchantable" at the time of sale, as would be required for an implied warranty claim.  "[W]here a car can provide safe, reliable transportation, it is generally considered merchantable." *Arteaga v. Carmax Auto Superstores W. Coast, Inc.*, 2014 WL 3505527, *4 (C.D. Cal. 2014).

Plaintiff alleges no facts plausibly supporting a claim that his vehicle was defective or unsafe.  The Complaint does not allege that Plaintiff stopped driving or could not safely operate the vehicle as a result of the alleged defect.  Plaintiff's alleged "defect" is the equivalent of a cosmetic issue not actionable under Song-Beverly.  *See, e.g., Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668, 669 (9th Cir.

2013) (affirming dismissal of implied warranty claim where plaintiffs "failed to allege that their Prius was unfit for its intended purpose, as the alleged defect did not compromise the vehicle's safety, render it inoperable, or drastically reduce its mileage range"); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *12 (C.D. Cal. 2017) ("implied warranty of merchantability requires something beyond mere aesthetic concerns"). The allegation that FCA purportedly "fail[ed] to disclose the lack of a front plate bracket" [Comp. ¶ 63] likewise fails to establish a defect because the implied warranty of merchantability "does not arise from an owner's manual describing how car windows work, or from something a dealer has not said." *Simgel Co. v. Jaguar Land Rover N. Am., LLC*, 55 Cal. App. 5th 305, 320 (2020). Plaintiff took delivery of the 2018 Jeep from AutoNation and later drove it (apparently for well-over 4 years) without affixing a front license plate as required by Section 5200(a).  Plaintiff simply does not allege the type of defect to which Song-Beverly applies, and instead pleads his own culpability for noncompliance with California's Vehicle Code.

### D. Plaintiff's Song-Beverly Claim is Barred by the Statute of Limitations

Even assuming, *arguendo*, that Plaintiff could state a plausible Song-Beverly claim, the claim as pled in Count II must be dismissed because it is barred by the statute of limitations.  A motion to dismiss is proper if the claim is barred by the statute of limitations.  *Von Saher,* 592 F3d at 969. The statute of limitations applied to Song-Beverly claims is four years.   *Mexia v. Rinker Boat Co.,Inc.*, 174 Cal.App.4th 1297, 1305 (2009) (four-year statute of Cal. Unif. Comm. Code, § 2725 applies to warranty claims under Song-Beverly). Like his UCL claim, Plaintiff's Song-Beverly claim is time-barred because he was aware of the purported "defect" on November 8, 2018 when he leased the 2018 Jeep, which is more than four years before he brought suit. The alleged defect that serves as a basis for the implied warranty claim is Plaintiff's allegation that the vehicle was not equipped to "accept"

a front license plate.  [Comp. ¶¶ 18, 21.]  In light of Section 5200, Plaintiff knew or should have known *on November 8, 2018* that he was required to have a front license plate on his vehicle. Ignorance of this law would be no excuse or defense.  *People v. Snyder*, 32 Cal. 3d 590, 592-593 (1982).  Applying the four-year statute of limitations, Plaintiff had until November 8, 2022 to bring a Song-Beverly claim. Plaintiff's Complaint filed on January 25, 2023—more than two months *after* the statute of limitations expired—and is therefore time-barred. Accordingly, Count II must be dismissed without leave to amend.

### E.  Plaintiff Cannot State a Plausible Claim for Declaratory Relief

Plaintiff's third claim seeking declaratory relief should be dismissed because Plaintiff cannot assert a plausible claim for relief given the absence of a cognizable legal theory and grounds for relief.  Under California Code of Civil Procedure § 1060, a party to a contract, may seek declaratory relief of the rights and duties of parties to the contract.  In addition, under Section 1061, "[t]he court may refuse to exercise the power … in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."  Section 1060 and Section 1061 must be read together.  *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 647 (2009).  One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that the plaintiff is asserting, which must follow some recognized or cognizable legal theories that are related to subjects and requests for relief that are properly before the court.

Plaintiff's claim for declaratory relief fails to state a plausible claim because it is based upon an unpled contract, including purported terms regarding alleged rights and obligations of Plaintiff and the proposed class, on one hand, and the manufacturer, on the other hand, which are not included in the Complaint or before the Court.  Instead, the claim for declaratory relief is based upon the conclusory contention that the contracts or leases for the Class Vehicles "are unlawful contracts under California Civil Code §§ 1608 and 1667…." [Comp., ¶ 76.]  California Civil

17

Code sections 1608 and 1167 deal with illegality of consideration for a contract and the contract itself.  Cal. Civ. Code §§ 1608, 1667.  There are no factual allegations in the Complaint that demonstrate any illegality related to a contract, much less the substance of *any* contract between Plaintiff *and FCA*.  Plaintiff merely asserts conclusions of law insufficient to maintain a claim for declaratory relief.

## VII.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN PURSUANT TO RULE 12(f).

Plaintiff's proposed class could never be certified, because this Court would be forced to engage in individualized inquiries of each class member with respect to their interactions with dozens of FCA-authorized dealers. Those interactions would also relate to the lease or sale literally dozens of different makes and models of FCA vehicles manufactured and distributed in California. Under Section 11713.17, such inquiries would include their written acknowledgements to such dealers regarding affixing front plates when they leased or purchased their vehicles. When the predominance of such individualized fact issues is apparent from the allegations in the Complaint, courts have stricken hopelessly defective class allegations under Rule 12(f). *See Sanders v. Apple, Inc*., 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (motion to strike granted based on individual inquiries necessary to establish element of reliance); *see, e.g., Kamm v. Cal. City Dev. Co*., 509 F.2d 205, 212-13 (9th Cir. 1975); *Brazil v. Dell, Inc*., 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. July 7, 2008). This Court need not wait until discovery has been conducted and a motion for class certification submitted before deciding whether a matter can be maintained as a class action where, as here, it is "plain enough from the pleadings" that it cannot be. *Kamm*, 509 F.2d at 210; *Sanders*, 672 F. Supp. 2d at 990 ("Pursuant to Rule 23(c), 'the court must—at an early practicable time—determine by order whether to certify the action as a class'").  For class allegations to survive a pleading attack, plaintiff must allege facts showing that predominating common questions exist and will be answered through common proof.  Rule 23(b)(3); *See Thom v. Jefferson-Pilot Life*

18

*Ins. Co.*, 445 F.3d 311, 327 (4th Cir. 2006); *Sanders*, 672 F. Supp. 2d at 991.  A "court should not 'blindly rely on conclusory allegations which parrot Rule 23 requirements ....'" *Pablo v. ServiceMaster Global Holdings, Inc.*, 2009 WL 2524478, at *4 (N.D. Cal. Aug. 17, 2009) (quoting 2 Newberg on Class Actions § 7.26 (4th ed. 2005)).

At the outset of this Motion, FCA identified the individualized fact issues that every lessee or purchaser of a "class vehicle" (which includes *all* makes and models of FCA vehicles sold in California over a four-year period) would have relating to their interactions with a FCA-authorized dealer when they took delivery of their vehicles under Section 11713.17.  Such individualized inquiries would be required because they would directly impact whether consumers could prove any lack of notice or reliance on any "fraudulent" statements made by a FCA-authorized dealer when compared with their signed acknowledgements with each dealer, should they have refused each dealer's offer to install a front plate to their vehicle or to provide other means to do the same.

Finally, leave to amend should be denied because any amendment would be futile. Plaintiff cannot cure the deficiencies that are inherent with his UCL and Song-Beverly claims given that both claims are barred by the statute of limitations and he lacks standing under the Complaint's definition of the class and under Article III for the lack of any injury-in-fact.

## VIII.  **CONCLUSION**

FCA's Motion to Dismiss should be granted because both the class and individual claims alleged by Plaintiff lack subject matter jurisdiction and fail to state a plausible claim upon which relief can be granted.  By his own allegations, Plaintiff lacks standing to represent the putative class.  Even if Plaintiff had standing as a class representative, his claims as a class representative and in his individual capacity are time-barred by the statute of limitations. Lastly, when the class allegations so clearly implicate the predominance of individualized fact issues over

common issues, such allegations are subject to dismissal without the need for discovery. Ultimately, all of Plaintiff's claims lack any legal and/or factual basis to state a plausible claim for relief against FCA and must be dismissed without leave to amend.

Respectfully submitted,

Dated:  May 30, 2023                    CLARK HILL LLP


By: _____
Bradford G. Hughes
Tiffany B. Hunter

Attorneys for Defendant FCA US LLC

20